UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY ANSTEAD, M.D., an individual, <br><br> Plaintiff, <br><br> v. <br><br> VIRGINIA MASON MEDICAL CENTER, a Washington nonprofit corporation, and VIRGINIA MASON FRANCISCAN HEALTH, a Washington nonprofit corporation, <br><br> Defendants. | No. <br><br> COMPLAINT FOR DAMAGES <br><br> JURY DEMAND |

## I.   PARTIES, JURISDICTION AND VENUE

1.1.   Plaintiff Amy Anstead, M.D. ("Dr. Anstead") is a female physician who resides in Seattle, King County, Washington.

1.2.   Defendant Virginia Mason Medical Center is a Washington nonprofit corporation which operates in Seattle, King County, Washington.

1.3.   Defendant Virginia Mason Franciscan Health ("VMFH") is a Washington nonprofit corporation which has two corporate members: CommonSpirit Health, a Colorado nonprofit corporation ("CSH") and Virginia Mason Health System ("VMHS"). During the

relevant period, VMHS has been the sole voting member of Defendant Virginia Mason Medical Center, and therefore controls Virginia Mason Medical Center. Accordingly, Defendant VMFH controls aspects of Defendant Virginia Mason Medical Center.

1.4. Some of Dr. Anstead's claims arise under the laws of the United States. This Court has original jurisdiction over those claims under 28 U.S.C. §§ 1331 and 1343.

1.5. Dr. Anstead's other claims arise under Washington state law. This Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

1.6. At all relevant times, Defendants Virginia Mason Medical Center and VMFH (collectively, "Defendants") were continuously doing business in the Western District of Washington, were in an industry affecting commerce, and had the requisite number of employees under chapters 49.60 RCW, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq.*, and 29 U.S.C. § 2601 *et seq.*

1.7. Dr. Anstead timely obtained a right sue to from the EEOC in compliance with 42 U.S.C. § 2000e-5(f)(1).

1.8. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## II.   FACTS

2.1. Defendant Virginia Mason Medical Center ("Virginia Mason") hired Plaintiff Amy Anstead, M.D. ("Dr. Anstead") on October 1, 2010 to work as an otolaryngologist in its Department of Surgery.

2.2. Virginia Mason operates a hospital as well as nine other clinics and hospitals in King County and greater Washington.

2.3. Virginia Mason employs more than 5,500 people, over 500 of whom are physicians.

2.4. Dr. Anstead cared about her patients and provided them excellent care, unique to her specialty.

2.5. Throughout her employment, Dr. Anstead performed her job well.

2.6. Despite this, Virginia Mason subjected Dr. Anstead to disparate and worse terms of employment compared to male physicians.

2.7. Virginia Mason under-supported Dr. Anstead and systematically imposed barriers to her medical practice and professional opportunities based on her gender.

2.8. One of several examples of this was that Virginia Mason provided Dr. Anstead and other female physicians with fewer physician assistants, nursing and other resources than comparable male physicians. This caused negative financial consequences for Dr. Anstead. It also caused her to have to perform a greater amount of work per patient treated that is typically performed by professional staff supporting medical providers than comparable male physicians. This also deprived Dr. Anstead and other female physicians of equal employment opportunities compared to their male counterparts.

2.9. Although Virginia Mason initially provided Dr. Anstead with leave under the Family and Medical Leave Act ("FMLA") to care for her child, Virginia Mason interfered with Dr. Anstead's rights and retaliated against her for taking this leave and a leave for her own medical condition.

2.10. In addition, when Dr. Anstead needed accommodation for her own disability, Virginia Mason failed to engage in good faith in the interactive process of accommodation, denied the reasonable accommodations that Dr. Anstead requested with the support of her medical team, and retaliated against her.

2.11. At one point, although Dr. Anstead had returned to work and successfully operated on a patient, Virginia Mason forced Dr. Anstead to stop operating or providing any treatment to patients and to take an extended leave.

2.12. Virginia Mason forced Dr. Anstead to stop treating patients entirely, and leave her employment, rather than allowing Dr. Anstead to simply return to working on the schedule she had worked before she had taken FMLA leave.

2.13. In addition, in response to Dr. Anstead's disclosure of her own medical condition, Virginia Mason imposed requirements for Dr. Anstead's return to work which it did not impose on similarly situated male physicians.

2.14. In March 2020, in addition to continuing to oppose Virginia Mason's discrimination against her on the basis of her disability, Dr. Anstead raised concerns with Virginia Mason's leadership that female physicians were not provided adequate resources as compared to their male counterparts, which negatively affected their employment opportunities.

2.15. Virginia Mason responded to Dr. Anstead's legally protected opposition to discriminatory practices by retaliatorily terminating Dr. Anstead's employment.

2.16. Virginia Mason's discharge of Dr. Anstead from her employment caused her economic and non-economic damages.

2.17. Virginia Mason's discriminatory and retaliatory treatment of Dr. Anstead during her employment also caused her to suffer loss of opportunity for advancement, economic, and non-economic damages.

# III. CLAIMS

**A. FIRST AND SECOND CAUSES OF ACTION—INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT AND RETALIATION AGAINST PLAINTIFF IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

3.1. Plaintiff realleges the above allegations in paragraphs 1.1. through 2.17 as though fully stated here.

3.2. Plaintiff engaged in the legally protected activity of exercising her rights to leave under the Family and Medical Leave Act.

3.3. Defendants unlawfully interfered with Plaintiff's rights under the Family and Medical Leave Act, as prohibited by 29 U.S.C. § 2615(a)(1), including by failing to reinstate Plaintiff to a substantially equivalent position to that which she had prior to taking FMLA leave.

3.4. Defendants unlawfully retaliated against Plaintiff in violation of 29 U.S.C. § 2615(a)(2) by taking adverse actions against Plaintiff, including terminating her employment.

3.5. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation and embarrassment, each in amounts to be proven at trial.

**B. THIRD AND FOURTH CAUSES OF ACTION—DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION AND AMERICANS WITH DISABILITIES ACT AS AMENDED**

3.6. Plaintiff realleges the above allegations in paragraphs 1.1. through 2.17 as though fully stated here.

3.7. Plaintiff is a qualified person with a disability under the Washington Law Against Discrimination ("WLAD") and the Americans with Disabilities Act as Amended ("ADAAA"), 42 U.S.C. § 12101, *et seq.*

3.8. Plaintiff gave Defendants notice of her disability and repeatedly asked Defendants to accommodate her by returning her to work at the end of her medical leave, with reasonable accommodations.

3.9. Defendants failed in violation of the ADAAA and WLAD to engage in good faith in the interactive process of accommodation and reasonably accommodate her, although Plaintiff's requested accommodations did not pose an undue hardship or burden on Defendants.

3.10. Defendants also violated the ADAAA and WLAD when they discriminated against Plaintiff on the basis of her disability by discharging her from her employment and otherwise improperly limiting her employment opportunities based on discriminatory motivations, including exaggerated fears and discomfort about Plaintiff's disability and unfounded assumptions about how Plaintiff's disability would impact her work performance.

3.11. Defendants terminated Plaintiff's employment with reckless indifference to Plaintiff's rights under the ADAAA.

3.12. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, lost future earnings, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial.

**C. FIFTH AND SIXTH CAUSES OF ACTION—SEX DISCRIMINATION IN VIOLATION OF THE WLAD AND TITLE VII**

3.13. Plaintiff realleges above allegations in paragraphs 1.1. through 2.17 as though fully stated here.

3.14. Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the WLAD when they discriminated against Plaintiff on the basis of her sex by discharging her from her employment and otherwise improperly limiting her employment opportunities based on gender stereotypes, bias, and unfounded assumptions about Plaintiff based on her sex.

3.15. Defendants terminated Plaintiff's employment with reckless indifference to Plaintiff's rights under Title VII.

3.16. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, lost future earnings, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial.

**D. SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION— RETALIATION IN VIOLATION OF THE WLAD, ADAAA, AND TITLE VII**

3.17. Plaintiff realleges the above allegations in paragraphs 1.1. through 2.17 as though fully stated here.

3.18. Defendants violated the WLAD, ADAAA, and Title VII when they retaliated against Plaintiff for her opposition to gender discrimination, disability discrimination and for her request for accommodation by terminating her employment and taking other adverse actions against her.

3.19. Defendants terminated Plaintiff's employment with reckless indifference to Plaintiff's rights under the ADAAA and Title VII.

SCHROETER GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

3.20. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial.

### E. TENTH CAUSE OF ACTION—DISCRIMINATION IN VIOLATION OF WASHINGTON'S EQUAL PAY AND OPPORTUNITIES ACT

3.21. Plaintiff realleges the above allegations in paragraphs 1.1. through 2.17 as though fully stated here.

3.22. Defendants subjected Plaintiff to employment discrimination and limited Plaintiff's career advancement and wage-earning potential due to her gender in violation of RCW 49.58.020.

3.23. As a direct and proximate result of the foregoing, Plaintiff has suffered a loss of compensation and benefits, in amounts to be proven at trial.

### F. ELEVENTH CAUSE OF ACTION—RETALIATION IN VIOLATION OF WASHINGTON'S EQUAL PAY AND OPPORTUNITIES ACT

3.24. Plaintiff realleges the above allegations in paragraphs 1.1. through 2.17 as though fully stated here.

3.25. Defendants retaliated against Plaintiff in violation of RCW 49.58.040 for her protected activities relating to discussion of gender-based wage and opportunity disparities, inquiries to Defendants about the basis for the disparities and lack of opportunity for advancement, and opposition to gender-based pay and opportunity disparities in violation of RCW 49.58.020.

3.26. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial.

### IV. PRAYER FOR RELIEF

4.1. Plaintiff prays for judgment and relief against Defendants as follows:

a. Damages for lost compensation and benefits in an amount to be proved at trial;

b. Damages for emotional distress, anxiety, humiliation, and embarrassment in amounts to be proved at trial;

c. Liquidated or exemplary damages, in an amount to be proved at trial;

d. Punitive damages in an amount to be proved at trial;

e. Statutory damages under RCW 49.58.070;

f. Reasonable attorneys' fees, expenses, and costs;

g. Pre-and post-judgment interest to the maximum rate allowed by law;

h. Increased payment to make up for any adverse tax consequences of any award to Dr. Anstead;

i. Other relief to the furthest extent the Court determines is just and proper.

DATED this 2nd day of April, 2021.

SCHROETER GOLDMARK & BENDER

By:_____
ELIZABETH A. HANLEY, WSBA #38233
ASHLEY N. GOMEZ, WSBA #52093
810 Third Avenue, Suite 500
Seattle, WA  98104
Phone: (206) 622-8000
Fax: (206) 682-2305
Email: hanley@sgb-law.com
       gomez@sgb-law.com