UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMY ANSTEAD,

            Plaintiff,

   v.

VIRGINIA MASON MEDICAL CENTER, *et al.*,

            Defendants.

CASE NO. 2:21-cv-00447-JCC-JRC

ORDER ADOPTING AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

     The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

     1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

1    2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P.

2    26(b)(1) must be applied in each case when formulating a discovery plan. To further the

3    application of the proportionality standard in discovery, requests for production of ESI and

4    related responses should be reasonably targeted, clear, and as specific as possible.

5    **B.    ESI Disclosures**

6    Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each

7    party shall disclose:

8    1.    Custodians. The ten custodians most likely to have discoverable ESI in their

9    possession, custody, or control. The custodians shall be identified by name, title, connection to

10    the instant litigation, and the type of the information under the custodian's control.

11    2.    Non-custodial Data Sources. A list of non-custodial data sources (e.g., shared

12    drives, servers), if any, likely to contain discoverable ESI.

13    3.    Third-Party Data Sources. A list of third-party data sources, if any, likely to

14    contain discoverable ESI (e.g., third-party email providers, mobile device providers, cloud

15    storage) and, for each such source, the extent to which a party is (or is not) able to preserve

16    information stored in the third-party data source.

17    4.    Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI

18    (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the

19    data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

20    **C.    ESI Discovery Procedures**

21    1.    On-site inspection of electronic media. Such an inspection shall not be required

22    absent a demonstration by the requesting party of specific need and good cause or by agreement

23    of the parties.

24

ORDER ADOPTING AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION - 2

2.     Search methodology. The parties have conferred to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

a.     Prior to running searches:

i.     The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

ii.     The requesting party is entitled to, within 14 days of the producing party's disclosure, add no more than 25 search terms or queries to those disclosed by the producing party absent a showing of good cause or agreement of the parties.

iii.     The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

ORDER ADOPTING AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION - 3

1       b.     After production: Within 21 days of the producing party notifying the receiving

2  party that it has substantially completed the production of documents responsive to a request, the

3  responding party may request no more than 10 additional search terms or queries. The

4  immediately preceding section (Section C(2)(a)(iii)) applies.

5       c.     Upon reasonable request, a party shall disclose information relating to their ESI

6  document retention policy.

7       3.     <u>Format.</u>

8       a.     ESI will be produced to the requesting party with searchable text, in a format to

9  be decided between the parties. Acceptable formats include, but are not limited to, native files,

10 multi-page TIFFs, .pdf (with a companion OCR or extracted text file), single-page TIFFs, .pdf

11 (only with load files for e-discovery software that includes metadata fields identifying natural

12 document breaks and also includes companion OCR and/or extracted text files), and searchable

13 PDF.

14      b.     Files that are not easily converted to image format, such as spreadsheet, database,

15 PowerPoint, Excel, and drawing files, will be produced in native format.

16      c.     Each document image file shall be named with a unique number (Bates Number).

17 File names should not be more than twenty characters long or contain spaces. When a text-

18 searchable image file is produced, the producing party must preserve the integrity of the

19 underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where

20 applicable, the revision history.

21      d.     If a document is more than one page, the unitization of the document and any

22 attachments and/or affixed notes shall be maintained as they existed in the original document.

23

24

ORDER ADOPTING AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION - 4

e.       The parties shall produce their information in the following format: single- page images and associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

f.       The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

4.       <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5.       <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

6.       <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash

value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology.

### D.      Preservation of ESI

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.      The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.  Deleted, slack, fragmented, or other data only accessible by forensics.

b.  Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.  On-line access data such as temporary internet files, history, cache, cookies, and the like.

1

2

d.  Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

3

e.  Back-up data that are duplicative of data that are more accessible elsewhere.

4

f.  Server, system or network logs.

5

6

g.  Data remaining from systems no longer in use that is unintelligible on the systems in use.

7

8

9

10

h.  Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

11

**E.**  **Privilege**

12

13

14

15

16

17

18

19

20

21

1.  A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production unless an earlier deadline is agreed to by the parties.

22

23

24

ORDER ADOPTING AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION - 7

2.      Redactions need not be logged for PHI, non-party dates of birth, social security numbers, or similar identifiers so long as the basis for the redaction is clear on the redacted document, but must otherwise be logged.

3.      With respect to privileged or work-product information generated after the filing of Dr. Anstead's EEOC charge, parties are not required to include any such information in privilege logs. Additionally, the parties are not required to include in privilege logs communications that are indisputably made in confidence for the purpose of seeking, obtaining or providing legal advice prior to the filing of Dr. Anstead's EEOC charge. For example, for Plaintiff this includes privileged communications between Dr. Anstead and her legal counsel regarding reasonable accommodations, leaves of absence, or the like. For Defendants, this includes privileged communications between VMMC's employees, agents, and legal counsel regarding Dr. Anstead's reasonable accommodations, leaves of absence, or the like. If any facts, details, of inferences exist that suggest any document or communication may not be indisputably privileged, the document or communication must be documented on the applicable privilege log.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

ORDER ADOPTING AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION - 8

1        DATED this 22nd day of February, 2022.

2

3        DAVIS WRIGHT TREMAINE LLP        SCHROETER, GOLDMARK & BENDER

4

5        By s/*Devin Smith*        By s/*Elizabeth A. Hanley*

Paula L. Lehmann, WSBA #20678        Elizabeth A. Hanley, WSBA #38233

6        Kathyrn S. Rosen, WSBA #29465        Andrew Boes WSBA #58508

Devin Smith, WSBA #42219        401 Union Street, Suite 3400

7        Grace Thompson, WSBA #54218        Seattle, WA 98101

929 108th Avenue NE, Ste. 1500        P: (206) 622-8000

8        Bellevue, WA 98004-4786        F: (206) 682-2305

P: (425) 646-6100        hanley@sgb-law.com

9        F: (425) 646-6199        boes@sgb-law.com

paulalehmann@dwt.com

10        katierosen@dwt.com        Attorneys for Plaintiff

gracethompson@dwt.com

11        devinsmith@dwt.com

12    Attorneys for Defendants

13                      **ORDER**

14

        Based on the foregoing, IT IS SO ORDERED.

15

        DATED:  this 23rd day of February, 2022.

16

17

18        J. Richard Creatura

        Chief United States Magistrate Judge

19

20

21

22

23

24