UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMY ANSTEAD,

    Plaintiff,

v.

VIRGINIA MASON MEDICAL CENTER, *et al*,

    Defendants.

CASE NO. 2:21-cv-00447-JCC-JRC

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on referral from the District Court and on plaintiff's motion for reconsideration (Dkt. 110) of the Court's prior order granting defendants' motion to quash nine non-party subpoenas ("Motion to Quash"). *See* Dkt. 108.

Plaintiff seeks a modification to the Court's order to reflect case law, much of which was absent from her response to the Motion to Quash, purporting to support her position regarding the relevance of the information sought. As plaintiff has not shown manifest error or shown cause as to why the Court should consider case law not previously brought to its attention, the Court denies the motion for reconsideration.

## BACKGROUND

The Court has previously set forth the underlying facts of this case and will not restate them here. Dkt. 108, at 2. On November 18, 2022, defendants moved to quash nine subpoenas that plaintiff had either served, or intended to serve, on its current and former employees. Dkt. 87. In opposing defendants' Motion to Quash, plaintiff contended that, because defendants' after-acquired evidence defense was based on the theory that her e-mail usage was a valid reason for her discharge, she was entitled to discovery on her male comparators' e-mail records to determine if they engaged in similar e-mail usage and yet were not disciplined or fired. From each of the nine comparators, she sought access to "[d]ocuments including but not limited to emails created, sent, or received between January 1, 2017 and present in your personal email account related to patients or patient care at Virginia Mason Medical Center." Dkt. 88-1, at 5–6. Plaintiff asserted that this information was necessary to respond to the new after-acquired evidence defense. Dkt. 89, at 6–7.

On January 4, 2023, the Court issued an order granting defendants' motion. Dkt. 108. In rejecting plaintiff's arguments, the Court stated:

> [P]laintiff seeks to discover evidence that similarly situated employees engaged in proscribed practices involving, among other things, the improper forwarding of emails out of defendants' computer system, arguing that this is relevant to undermining defendants' after-acquired evidence defense. Yet the possibility of similar practices by similarly situated employees would be relevant only if defendants had, in fact, asserted that this reason was *the* reason for plaintiff's termination. This is distinguishable from the situation here, where defendants assert only that plaintiff's improper handling of protected information *would have* been a valid reason to terminate plaintiff had it known of the practice. In the absence of any authority to support her position, plaintiff has failed to show that the requested information is relevant to a claim, counterclaim, or defense in this case.

Dkt. 108, at 12. Plaintiff filed the present motion for reconsideration on January 18, 2023. Dkt. 110.

## DISCUSSION

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is appropriate only where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, 2017 WL 6372474, at *1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

In moving for reconsideration, plaintiff requests that the Court "amend legal conclusions in its January 4, 2023 Order [. . .] to reflect the weight of authority on the type of evidence that may support or refute an after-acquired evidence defense." Dkt. 110, at 1–2. Plaintiff does not explain why such authority could not have been brought to the Court's attention in her response to defendants' motion. In any event, plaintiff's argument on reconsideration is unpersuasive.

Plaintiff argues that "actual employment practices are highly probative when addressing the second prong of the after-acquired evidence defense[,]" which requires not only a showing that an employer "could have fired an employee for the later-discovered misconduct, but that it would in fact have done so." Dkt. 110, at 3. Plaintiff goes on to assert that "[c]ourts around the country agree with [p]laintiff that an employer's treatment of other employees for similar misconduct is relevant to proving—or disproving—that a defendant would have in fact fired the employee." Dkt. 110, at 4.

Plaintiff cites seven cases to support her position—all but one of which went unmentioned in her original response to defendants' motion to quash. Dkt. 110, at 4. Each case

citation stands for the proposition that an employer cannot prevail on summary judgment on after-acquired evidence of employee misconduct absent evidence that other employees were terminated for the same misconduct—or, conversely, that an employee could not rebut the defense absent evidence that another employee who committed the same misconduct was retained after the employer learned of the misconduct. *Id.* at 4–5 (citing *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 759 (9th Cir. 1996); *LeBarron v. Interstate Grp., LLC*, 529 F. Supp. 3d 1163, 1178 (D. Nev. 2021); *Clark v. Golden Specialty, Inc.*, 2017 WL 108465, at *1 (W.D. Wash. 2017); *Day v. Finishing Brand Holdings, Inc.*, 2015 WL 2345279, at *32 (W.D. Tenn. 2015); *Ngai v. Urb. Outfitters, Inc.*, 2021 WL 1175155, at *19 (E.D. Pa. 2021); and *Cameron v. T-Mobile USA, Inc.*, 2008 WL 918480, at *6 (D. Ore. 2008)).

However, plaintiff's discovery requests sought only evidence that other employees committed the misconduct at issue—plaintiff does not connect this to any possibility that the employer knew of, acted on, or failed to act on knowledge that an employee committed the misconduct. Indeed, plaintiff's motion for reconsideration asserts only that "an employer's treatment of other employees who engaged in similar conduct is relevant to the after-acquired evidence defense[,]" not that evidence of such conduct on its own, absent any indication that the employer knew of the same, would be relevant.

While plaintiff may believe this Court erred in reaching its decision on the Motion to Quash, they have not established manifest error. Disagreement with the Court's conclusion is not a sufficient basis upon which to grant a motion for reconsideration. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). Thus, the motion for reconsideration must be denied.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES plaintiff's motion for reconsideration (Dkt. 110).

Dated this 1st day of February, 2023.

J. Richard Creatura
Chief United States Magistrate Judge