UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMY ANSTEAD,

        Plaintiff,

v.

VIRGINIA MASON MEDICAL CENTER, *et al*,

        Defendants.

CASE NO. 2:21-cv-00447-JCC-JRC

ORDER DENYING PLAINTIFF'S MOTION TO QUASH NON-PARTY SUBPOENA

This matter is before the Court on referral from the district court (Dkt. 11) and on plaintiff's motion to quash a subpoena directed at non-party Anjali Kumar, M.D. Dkt. 115.

The issues in this motion are largely congruent with the issues at play in another motion, brought by non-party Jamie Litvack, M.D., to quash a subpoena directed at herself. Dkt. 113. However, plaintiff brought this motion separately to quash a similar subpoena directed at Dr. Kumar. Because plaintiff does not have standing to quash a subpoena directed at a third party on any ground besides her assertion that it seeks privileged information, the Court denies plaintiff's motion, but will allow plaintiff to review any documents produced for work-product privileged information. The Court denies defendants' motion to strike plaintiff's motion.

**BACKGROUND**

The relevant facts are set forth in this Court's Order granting in part and denying in part the motion to quash a subpoena of Jamie Litvack, M.D. *See* Dkt. 127. The parties also disagree as to whether defendants are entitled to discovery concerning documents and communications shared between plaintiff and Anjali Kumar, M.D., another employee of defendants who has pursued claims of discrimination against them. *See* Dkt. 115, at 2. Defendants propounded a subpoena upon Dr. Kumar that is largely identical to the subpoena served upon Dr. Litvack. *See* Dkts. 114-3, 116-1. Plaintiff--not joined by Dr. Kumar--filed this motion to quash, and both parties have fully briefed the issues. Dkts. 115, 121, 125.

**DISCUSSION**

Courts maintain broad discretion to control the discovery process. A party is entitled to discovery into matters "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). But a court may limit discovery to protect a party from annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c)(1). Similarly, a court may modify or quash a subpoena to a third party that presents an undue burden or requires disclosure of privileged or other protected matter. *See* Fed. R. Civ. P. 45(d)(3)(A). Here, plaintiff seeks to quash the subpoena to Dr. Kumar on the bases that it seeks privileged information and on other grounds that, as discussed below, she does not have standing to assert.

1. <u>Whether the Subpoena Seeks Privileged Information</u>

Plaintiff asserts that the subpoena seeks documents protected by attorney-client privilege and attorney work-product privilege. Dkt. 115, at 6. Plaintiff's opening brief appears to incorporate by reference the briefing on a contemporaneous motion to quash a subpoena directed at Jamie Litvack, M.D. *Id.* The subpoenas to Dr. Litvack and Dr. Kumar contain similar requests

for documents or communications between the recipient and plaintiff regarding the present lawsuit as well as the recipient's action against their own employer. *See* Dkt. 114-3, at 11; Dkt. 116-1, at 11. Plaintiff asks that, in the event the Court does not quash this subpoena, she be permitted to review documents for privilege prior to their disclosure.

      Plainly, the attorney-client privilege would not apply to communications between plaintiff and Dr. Litvack, as neither are attorneys. *See United States v. Sanmina Corp*, 968 F.3d 1107, 1116 (9th Cir. 2020) (communication must be between attorney and client to invoke attorney-client privilege). However, this is not determinative as to whether the work-product privilege applies. Document Requests 10 and 11 specifically seek communications regarding plaintiff's and Dr. Kumar's respective cases. Dkt. 116-1, at 11. While not every communication between plaintiff and Dr. Kumar is implicated by the work-product doctrine, they are doctors who have both raised discrimination claims before the same defendant, and communications that contain discussion of their shared case strategies could reveal "attorney impressions" and other insights into the "party's efforts in preparing for litigation." Fed. R. Civ. P. 26(b)(3). The doctrine applies to these communications.

      The privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived." *United States v. Nobles*, 422 U.S. 225, 239 (1975); *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) ("The work-product doctrine's privileges are waivable."). "While the attorney-client privilege 'is designed to protect confidentiality, so that any disclosure outside the magic circle is inconsistent with the privilege,' work-product protection 'is provided against "adversaries," so only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection.'" *Sanmina*, 968 F.3d at 1120. The Ninth Circuit has held that "disclosure of work product to a third party does not waive the

1  protection unless such disclosure is made to an adversary in litigation or 'has substantially
2  increased the opportunities for potential adversaries to obtain the information.'" *Id.* at 1121
3  (quoting 8 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2024
4  (3d ed. 2020)).

5        Here, while plaintiff and Dr. Kumar are not represented by the same counsel, they are
6  both doctors who were employed by defendant and raised claims of discrimination. The sharing
7  of information regarding their respective claims is not inconsistent in any way with the intent to
8  keep the information secret. Nor was their disclosure to each other likely to substantially increase
9  the opportunities for adversaries to obtain the information. Dr. Kumar's and plaintiff's similar
10 positions as plaintiffs suing the same employers for gender-based discrimination suggests each
11 doctor had a reasonable expectation that the other would keep such communications and
12 documents confidential. *See Sanmina*, 968 F.3d at 1121 (finding a disclosing party's "reasonable
13 expectation of confidentiality" to be "highly relevant and often dispositive" in finding waiver of
14 the work product doctrine); *United States v. Stewart*, 287 F. Supp. 2d 461, 469 (S.D.N.Y. 2003)
15 (finding disclosure of protected work product to criminal defendant's daughter did not amount to
16 waiver because defendant did not "substantially increase the risk that the Government would
17 gain access to materials prepared in anticipation of litigation"). Finding no waiver, the Court
18 obliges plaintiff's request to review subpoenaed documents responsive to document requests 10
19 and 11 for work-product privilege prior to their disclosure.

20       2.  <u>Other Objections</u>

21       Plaintiff argues that the subpoena propounded on Dr. Kumar is improper because it is
22 overbroad, unworkably vague, unduly burdensome, and seeks information that could be sought
23 from plaintiff instead. Dkt. 115, at 5.
24

Defendants argue, in response, that plaintiff does not have standing to challenge the subpoenas on these grounds. *See* Dkt. 121 at 9. Notably, Dr. Kumar has not challenged the subpoenas herself. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010) (internal quotations and citations omitted). This Court agrees with other district courts in the Ninth Circuit that a party generally lacks standing to object to a subpoena served on a third party on grounds of relevance or undue burden. *See Tater v. City of Huntington Beach*, 2021 WL 4735015, at *3 (C.D. Cal. 2021) ("Plaintiff's contentions that the Subpoenas seek irrelevant information and are overly broad do not provide her standing to quash the Subpoenas."); *Lee v. Lee*, 2020 WL 7890868, at *5 (C.D. Cal. 2020) ("[O]nly the party to which the subpoena is directed has standing to object to the requests on the grounds that they are irrelevant, vague, overbroad, duplicative, unduly burdensome, etc."). Plaintiff argues that she has standing by virtue of her "personal interest in assuring her colleagues and friends are protected from 'unwanted interference in their personal lives.'" Dkt. 123, at 3 (citing *Emara v. Multicare Health Sys.*, 2012 WL 5205950, at *2 (W.D. Wash. 2012)). *Emara* does not support this proposition. This Court previously relied on *Emara* in holding defendants had standing to challenge subpoenas issued to current and former employees. Dkt. 108, at 3–4. However, the holding in *Emara* is not so broad as to protect an individual's colleagues and friends from a subpoena, particularly when, as defendants allege, they have material that is responsive to issues in litigation. Therefore, the Court concludes that plaintiff does not have standing to challenge the subpoena on these grounds.

3. <u>Defendants' Motion to Strike</u>

Defendants ask that this Court strike plaintiff's motion in its entirety pursuant to Local Civil Rule 7(g). Dkt. 121, at 15. However, their request appears to have no basis beyond indignation at plaintiff's characterization of the facts surrounding the subpoenas to Dr. Litvack and Dr. Kumar. This does not necessitate striking the motion.

As plaintiff notes, she was required to file this motion in order to avoid waiving a claim of privilege as to any communications sought from Dr. Kumar. Dkt. 123, at 6 (citing *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 445–46 (D. Md. 2012)). Defendants do not take the position that it is improper to preserve a claim of privilege over a document in discovery. The Court will not grant defendant's request to strike the motion.

## CONCLUSION

Plaintiff's motion to quash the subpoenas is DENIED, except insofar as plaintiff is permitted to review documents responsive to Document Requests 10 and 11 and withhold any privileged attorney work product. However, as the Court also DENIES defendants' motion to strike plaintiff's motion, sanctions are not appropriate, and each party shall bear their own fees and costs.

Dated this 16th day of March, 2023.

J. Richard Creatura
United States Magistrate Judge