THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY ANSTEAD,<br><br>    Plaintiff,<br><br>    v.<br><br>VIRGINIA MASON MEDICAL CENTER, *et al.*,<br><br>    Defendants. | CASE NO. C21-0447-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 129), Defendants' motion for leave to file a second amended answer (Dkt. No. 131), and Defendants' motion to continue the trial date and remaining pretrial deadlines (Dkt. No. 133). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion to compel (Dkt. No. 129), GRANTS the motion for leave to file a second amended answer (Dkt. No. 131) and DENIES the motion to continue the trial date (Dkt. No. 133), for the reasons explained herein.

I.   BACKGROUND

Defendants operate a hospital in King County. (Dkt. No. 1 at 2.) Defendants hired Plaintiff, Amy Anstead, as an otolaryngologist in October 2020. (*Id.*) In October 2018, Plaintiff took a temporary leave from work to care for her child. (Dkt. No. 129 at 2.) She then extended

1  her leave due to her own medical condition. (*Id*.) She returned to work in October 2019, whereby
2  she requested modifications to her schedule and duties. (*Id*.) Defendant allegedly denied her
3  request, placed her back on leave, and required her to engage in an interactive process of
4  accommodation with third-party consultants. (Dkt. No. 1 at 3). Plaintiff then filed a gender
5  discrimination claim against Defendant Virginia Mason's CEO, Gary Kaplan. (*See* Dkt. No. 32-
6  4.) Subsequently, Defendants fired Plaintiff for allegedly failing to engage with the interactive
7  accommodation process. (*See* Dkt. No. 32-23.) Plaintiff then filed a charge with Equal
8  Employment Opportunity Commission on July 12, 2020, bringing claims under various federal
9  and state labor protection laws. (Dkt. No. 1 at 2.) Then on April 2, 2021, Plaintiff filed this suit
10 alleging violations of both federal and state law. (*Id*.) In October 2022, Defendants amended
11 their answer to include claims for breach of contract, trade secret violations, and breach of
12 loyalty and confidentiality. (*See generally* Dkt. No. 85.)
13     Since initiating this claim, the parties have engaged in active discovery leading to the
14 present dispute. Before the Court are three motions. First, Plaintiff asks the Court to compel
15 Defendants to produce Plaintiff's employment records and those of similarly situated employees.
16 (*See generally* Dkt. No. 129.) Second, Defendants ask the Court to amend their First Amended
17 Answer to add one counterclaim for breach of contract. (*See generally* Dkt. No. 131.) Third,
18 Defendants seek to continue the trial and remaining pretrial deadlines. (*See generally* Dkt. No.
19 133.) The Court will address each motion in turn.
20 **II.   DISCUSSION**
21    **A.  Motion to Compel**
22     The Court has broad discretion to decide whether to compel the disclosure of discovery.
23 *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Parties may obtain discovery regarding
24 any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P.
25 26(b)(1). Relevant information is information "reasonably calculated to lead to the discovery of
26 admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.

1992). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*, 2014 WL 3396124, slip op. at 2 (W.D. Wash. 2014).

Plaintiff claims that Defendants withheld, redacted, and potentially destroyed specific records that are central to the dispute. (*See generally* Dkt. No. 129.) She asks the Court to compel Defendants to produce these files, but her claim is without recourse because she is seeking files that Defendants have already produced. (Dkt. No. 138 at 2.) Plaintiff's motion rests on the unsupported belief that more files *should* exist (Dkt. No. 129 at 5.) In specific, she seeks her **written** performance reviews. (*Id*.) However, Defendant has reasonably explained that written reviews are not saved as part of the regular course of business, and no further written reviews have been create since Defendants have been put on notice of pending litigation. (Dkt. No. 135 at 7). Plaintiff's reliance on inferences drawn from deposition testimony that these written reviews exist is unconvincing considering Defendants' reasonable explanation for why they do not. (*Id*.) Lastly, the request for written performance reviews of Plaintiff's former co-workers is irrelevant, an intrusion of non-parties' privacy, and moot because Defendants have similarly asserted that these written reviews are not saved. (*Id*. at 11.)

Plaintiff also requests the Court to compel production of documents withheld as privileged or conduct an *in camera* review of these privileged documents. (Dkt. No. 129 at 7.) To support such a request, Plaintiff must "show a factual basis sufficient to support a reasonable, good faith belief that an *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992). Whether to do so is within the sound discretion of this Court, considering factors such as the volume of materials, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review will establish that the documents are not privileged. *Id*. at 1073. Here, Defendants have independently asserted a legitimate basis for claiming privilege for all the attachments, emails, and communications in

their privilege log. (Dkt. No. 138 at 4.) Plaintiff points to two instances in which Defendant allegedly improperly designated a document as privileged. (Dkt. No. 129 at 4, 11.) However, neither of the instances demonstrate bad faith or noncompliance with discovery obligations, nor do they provide a legitimate basis for the Court to conduct an *in-camera* review of Defendants' privilege designations. Accordingly, the Court Plaintiff's motion to compel (Dkt. No. 129) is DENIED in full.[1]

### B. Motion for Leave to File Second Amended Answer

Defendants seek leave from the Court to amend their First Amended Answer to add one counterclaim for breach of contract. (Dkt. No. 131 at 6.) Leave to amend under Rule 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010). The generosity in granting such leave is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). The Court considers five factors in deciding whether to do so: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleading has previously been amended. *See, e.g., United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Prejudice is given the greatest weight. *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (describing it as the "touchstone of the inquiry.")

Based on an application of these factors, the Court FINDS that leave to amend is warranted here. While Plaintiff suggests she would be prejudiced by amendment, (*see* Dkt. No. 141 at 7), she fails to adequately describe how.[2] And, while Defendants' delay was significant, it resulted from information learned through discovery. (Dkt. No. 131 at 13.) Moreover, delay, alone, does not warrant denying Defendants request. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("undue delay by itself, however, is insufficient to justify denying a motion to

---

[1] Because the Court denies the motion to compel, the request to impose sanctions is also DENIED.

[2] Plaintiff conflates prejudice with the routine costs of litigation.

ORDER
C21-0447-JCC
PAGE - 4

amend.")

Accordingly, Defendants' motion (Dkt. No. 131) is GRANTED.

**C. Motion to Continue Trial**

Trial is currently scheduled for October 2, 2023. (Dkt. No. 104.) Case schedules may be modified for "good cause." Fed. R. Civ. P. 16(b)(4); LCR 16(b)(4). Whether to grant or deny a continuance of trial is at the discretion of the Court. *Rios-Barrios v. I.N.S.*, 776 F.2d 859, 862–63 (9th Cir. 1985). Defendants seek a two-month continuance, on the grounds that they require more time to review documents produced by Plaintiffs. (*See* Dkt. No. 133.) This is not adequate grounds for a continuance at this stage in the litigation. "Mere failure to complete discovery within the time allowed does not constitute good cause." LCR 16(b)(4).

Accordingly, Defendants' motion to continue (Dkt. No. 143) is DENIED.

**III. CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's motion to compel (Dkt. No. 129) is DENIED.
2. Defendants' motion for leave to file a second amended answer (Dkt. No. 131) is GRANTED. Defendants shall file their seconded amended answer within 14 days of this order.
3. Defendants' motion to continue the trial date (Dkt. No. 133) is DENIED.

DATED this 3rd day of May 2023.

/s/ John C. Coughenour

John C. Coughenour
UNITED STATES DISTRICT JUDGE